UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN WILLIAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>JP WORLD ENTERPRISES INC.,<br><br>  Defendant. | No. 1:21-cv-00686-DAD-BAK<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY<br><br>(Doc. No. 11) |

      This matter is before the court on the motion to stay this action field by defendant JP World Enterprises Inc. on July 14, 2021. (Doc. No. 11.) Plaintiff filed an opposition to the pending motion to stay on August 3, 2021, and defendant filed a reply thereto on the following day. (Doc. Nos. 15–17.)

      Shortly after briefing was completed on the pending motion, on August 31, 2021, defendant filed a notice alerting the court that it "has been suspended by the California Secretary of State due to its failure to pay amounts due to the California Franchise Tax Board," and attaching a copy of a printout from the California Secretary of State's website showing that its corporate entity status is "FTB SUSPENDED." (Doc. No. 19 at 1, 4.) In its notice, defendant states that, consistent with applicable law, it "will be unable to proceed with a defense of this action until a revivor is issued," and that its counsel would "keep the Court apprised [of] Defendant's status and notify opposing counsel and the Court when a certificate of revivor is

issued." (*Id.* at 1–2.)

Since August 31, 2021, when defendant filed its notice regarding its suspended status, defendant has not filed anything further to notify the court that it has paid the taxes it owes and revived its rights as a California corporation, including the right to sue and be sued. A corporation's capacity to sue or be sued is determined "by the law under which it was organized." Fed. R. Civ. P. 17(b). Under California law, a California corporation whose powers have been suspended for failure to pay taxes lacks the capacity to sue or defend a lawsuit. *See* Cal. Rev. & Tax Code § 23301; *Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300, 1306 (1999). "Capacity [] refers to 'a party's personal right to litigate in a federal court,'" *Esposito v. United States*, 368 F.3d 1271, 1273 (10th Cir. 2004), "[and] is not only the power to bring an action, but is also the power to maintain it." *Mather Const. Co. v. United States*, 475 F.2d 1152, 1155 (Ct. Cl. 1973) (dismissing suit by California corporation at trial because it had lost its capacity to sue three weeks after filing the complaint and never revived its capacity).

Accordingly, defendant's pending motion will be denied because it has lost its capacity to defend itself in this federal court under Federal Rule of Civil Procedure 17(b)(2) and has failed to revive that capacity. This denial, however, is without prejudice to defendant seeking reconsideration of its motion to stay at some future time when its capacity to defend itself in federal court has been restored. *See, e.g.*, *Cuong Nhut Chung v. L & R Fine Fashions, Inc.*, No. 8:11-cv-00712-CJC-AN, 2012 WL 12887559, at *1 (C.D. Cal. Feb. 1, 2012) (granting a motion for reconsideration filed by a California corporation that had its previous motion to dismiss denied due to lack of capacity to defend itself in litigation under Rule 17(b)).

For the forgoing reasons, defendant's motion to stay (Doc. No. 11) is denied.

IT IS SO ORDERED.

Dated:   **March 29, 2022**

UNITED STATES DISTRICT JUDGE

2