# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JP WORLD ENTERPRISES, INC.,<br><br>　　　　　Defendant. | Case No. 1:21-cv-00686-DAD-BAK<br><br>ORDER REQUIRING DEFENDANT TO SHOW CAUSE IN WRITING AS TO WHY DEFAULT SHOULD NOT BE ENTERED<br><br>(ECF No. 37)<br><br>**FOURTEEN DAY DEADLINE** |

Plaintiff filed this action on April 26, 2021, brining claims for violation of the Americans with Disabilities Act, and California's Unruh Civil Rights Act. (ECF No. 1.) On June 2, 2021, Defendant filed an answer. (ECF No. 5.) On August 31, 2021, Defendant filed a notice that its corporate status had been suspended with the California Secretary of State. (ECF No. 19.) On November 11, 2021, pursuant to the Court's granting of leave to amend, Plaintiff filed a first amended complaint. (ECF Nos. 23, 24.) On June 3, 2022, Defendant's counsel filed a notice indicating that Defendant's corporate status has remained in suspended status by the California Secretary of State since August 16, 2021; that the suspended status is still current as of June 3, 2022; and that counsel had been unable to contact the Defendant client for any updated timeline for resolving the suspended status. (ECF No. 33.) On June 5, 2022, Plaintiff filed a request for entry of default, based on the Defendant's failure to file a pleading responsive to the first amended complaint, the operative complaint in this action. (ECF No. 37.) The filed affidavit

1  additionally describes that Defendant has notified the Curt of its suspended corporate status, and
2  that to date, Defendant has not filed proof that the corporate status has been revived. (ECF No.
3  37-1 at 2.)

4  "When a party against whom a judgment for affirmative relief is sought has failed to
5  plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must
6  enter the party's default." Fed. R. Civ. P. 55(a).  Although now suspended and unable to defend
7  in this lawsuit, is not clear whether the Defendant was required to file an answer to the amended
8  complaint.  As the Ninth Circuit explained:

> ES asks us to adopt the rulings of several federal district courts in California that have held it is the defendant's option to file an answer to an amended complaint. *Stanley Works v. Snydergeneral Corp.*, 781 F. Supp. 659, 664–65 (E.D. Cal. 1990) (citing Wright, Miller & Kane, 6 Federal Practice and Procedure § 1476, pp. 558–59 (1990)); *Hazeltine v. Hicks*, No. 14-cv-00056-DAD-GSA-PC, 2016 WL 6716469, at *1 (E.D. Cal. Nov. 14, 2016); *Upek, Inc. v. Authentec, Inc.*, No. 10-424-JF-PVT, 2010 WL 2681734, at *3 (N.D. Cal. July 6, 2010). These district courts concluded that the defendant may file a new answer if "the ... [a]mended [c]omplaint makes allegations that change the theory or scope of the case." *Stanley Works*, 781 F. Supp. at 665 (citation omitted). But when an amended complaint "does not add new parties, new claims, or significant new factual allegations, ... the previously filed response to the original pleading [will] suffice." *Upek*, 2010 WL 2681734, at *3 (quoting *Kraft v. Arden*, No. CV 07-487-PK, 2009 WL 73869, at *7 (D. Or. Jan. 8, 2009)).
>
> KST does not present any definitive authority stating that a defendant must file an answer to an amended complaint regardless of whether the amended complaint contains new claims or factual allegations. Instead, it simply argues that ES failed to comply with Federal Rule of Civil Procedure 15(a)(3) . . .
>
> . . . We are persuaded that the analysis in *Stanley Works*, *Hazeltine*, and *Upek* is correct. A defendant is not required to file a new answer to an amended complaint when the allegations in the amended complaint do not "change the theory or scope of the case." *Stanley Works*, 781 F. Supp. at 665. Here, the Second Amended Complaint contained the same material allegations with respect to the breach of contract claim as the First Amended Complaint. Therefore, ES did not waive its affirmative defenses to that claim by not filing an answer to the Second Amended Complaint.

27  KST Data, Inc. v. DXC Tech. Co., 980 F.3d 709, 714–16 (9th Cir. 2020).  In the Plaintiff's
28  motion for leave to amend, Plaintiff proffered that: "Here, while Plaintiff's proposed amended

complaint removes some erroneous references accidentally made in the Complaint, his legal theories remain the same. The nature of the litigation is not altered by the amendment." (ECF No. 22-1 at 11.) Thus, the filing of an amended complaint does not automatically necessitate the filing of a new answer.

Alternatively and as noted above, Rule 55 requires default to be entered not only when a defendant fails to plead, but default must be entered when a party has "failed to . . . otherwise defend," and that failure is shown by affidavit. Fed. R. Civ. P. 55(a). Given the course of litigation following Defendant's notice, it appears Defendant has failed to otherwise defend in this action since its corporate status has been suspended, and the failure has been shown by affidavit.

While cognizant of the current inability of the Defendant to even file a substantive response to this order to show cause due its suspended status, given Defendant answered the initial complaint and the above legal authority, the Court finds it appropriate to allow some form of opportunity to respond to the instant request for entry for default before the Court enters default against Defendant on the first amended complaint. If Defendant does not establish good cause as to why default should not be entered, the Court shall presume an answer was required to be filed to the first amended complaint and shall enter default for the failure to plead. Fed. R. Civ. P. 55(a). Alternatively or additionally, the Court will proceed to enter default against Defendant for its failure to "otherwise defend." Id.

Accordingly, within fourteen (14) days of entry of this order, Defendant JP World Enterprises Inc. shall show cause in writing as to why default should not be entered against it pursuant to Plaintiff's request for entry of default.

IT IS SO ORDERED.

Dated:   **June 8, 2022**

UNITED STATES MAGISTRATE JUDGE