UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>JP WORLD ENTERPRISES INC.,<br><br>        Defendant. | Case No. 1:21-cv-00686-ADA-CDB<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>OBJECTIONS, IF ANY, ARE DUE WITHIN TWENTY-ONE DAYS.<br><br>(ECF No. 46) |

**Background and Procedural History**

Plaintiff Allan Williams ("Plaintiff") initiated this action on April 26, 2021, against Defendant Jp World Enterprises Inc. ("Defendant") asserting claims under the Americans with Disabilities Act of 1990 and Unruh Civil Rights Act. (ECF No. 1). On June 6, 2022, Plaintiff filed a request for entry of default as to Defendant. (ECF No. 37). On June 23, 2022, the Court granted Plaintiff's request that the Clerk of Court enter a default against Defendant. (ECF Nos. 41-42). On September 29, 2022, the parties were reminded to file either a motion for default judgment or to dismiss the action. (ECF No. 44).

On December 1, 2022, the Court issued an order to show cause no later than December 8, 2022, why sanctions should not be imposed for Plaintiff's failure to file a motion for default judgment or to dismiss the action. (ECF No. 46). Plaintiff has not filed a motion for default judgment, to

1

dismiss the action or otherwise indicated an intention to prosecute this case. Accordingly, for the reasons described below, the Court recommends that Plaintiff's case be dismissed without prejudice for failure to comply with a court order and failure to prosecute.

**Failure to Prosecute and Comply with a Court Order**

Courts weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted). These factors are "not a series of conditions precedent before the judge can do anything," but for a judge to think about what to do. *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

The public's interest in expeditious resolution of litigation weighs in favor of dismissal of this action. The public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *see Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Plaintiff was provided one week to respond to the Court's show cause order. (ECF No. 46). No response was filed. Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan v. Galaza*, 291 F.3d 639, 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). Here, Plaintiff has failed to respond to the Court's show cause order. (ECF No. 46). The Court is experiencing an ongoing judicial emergency and heavy caseload. Plaintiff's failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, a defendant suffers prejudice if a plaintiff's actions impair a defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. *Adriana*

*Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).  Plaintiff's failure to comply with a court order and to prosecute this case imposes sufficient prejudice upon Defendant.  Therefore, the third factor weighs in favor of dismissal.

Next, because public policy favors disposition of cases on the merits, this factor weighs against dismissal of Plaintiff's case.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (the public policy favoring disposition of cases on their merits counsels strongly against dismissal).

Lastly, the availability of less drastic sanctions weighs in favor of dismissal.  "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions."  *Malone*, 833 F.2d at 131-32 (quoting *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986)).  At this stage in the proceedings, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditures of its scarce resources.  Given the stage of these proceedings, the preclusion of evidence or witnesses is not available.  Additionally, the Court only recommends dismissal without prejudice.  Because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

**Conclusion and Recommendations**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice for failure to prosecute and failure to comply with a court order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, Petitioner may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

/ / /

result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 19, 2022**                    _____
                                                                   UNITED STATES MAGISTRATE JUDGE